IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STARSKY IVEY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-4765 |
| CHERYL J. STURM,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**YOUNGE, J.**                                                                                   **OCTOBER 10, 2025**

*Pro se* Plaintiff Starsky Ivey commenced this civil action by filing a Complaint against Defendant Cheryl J. Sturm, his former defense attorney. (ECF No. 2.) For the following reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction without leave to amend.

### I.  FACTUAL ALLEGATIONS[1]

The allegations in Ivey's Complaint are scattered and, at times, difficult to understand.[2] Ivey asserts that he hired Sturm to help him appeal his 1998 state court conviction for first degree murder. (*See generally* Compl.); *see also Commonwealth v. Ivey*, CP-51-CR-1204871-1998 (C.P. Phila.). However, due to Sturm's alleged negligence and dishonesty, Ivey lost his appeals and was denied a review by the Conviction Integrity Unit of the Philadelphia District Attorney's Office. (Compl. ¶ 8; ECF No. 2-1 at 14-21.) Ivey alleges, *inter alia*, that Sturm failed to cite newly discovered exculpatory evidence in her filings and accepted payment for

---

[1] The factual allegations set forth in this Memorandum are taken from the Complaint (ECF No. 2), Exhibits (ECF No. 2-1), and public dockets, which the Court may consider in screening Ivey's Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] The Court infers many of the relevant facts from the exhibits attached to the Complaint.

work that she never completed. (*Id*.) He filed a claim against Sturm with the Pennsylvania Lawyers Fund for Client Security ("PLFCS") based on her alleged misconduct, and in September 2024, the entity ruled in Ivey's favor, awarding him $4500.[3] (ECF No. 2-1 at 7.)

Ivey now sues Sturm in federal court, alleging "intentional negligence, intentional inconvenience, delay, emotional disturbance, emotional damage, and continual present pain and suffering, intentional malpractice and intentional breach of contract, misrepresentation, [and] fraudulent concealment." (Compl. at 2-3.) Ivey asserts jurisdiction in this Court based on a federal question pursuant to 28 U.S.C. § 1331. (*Id.* at 2.)

## II. STANDARD OF REVIEW

Although Ivey has paid the filing fee in full, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d

---

[3] The PLFCS is an entity of the Pennsylvania Supreme Court that provides financial compensation to clients harmed by their attorneys' wrongful misconduct. *See Pa. Laws. Fund for Client Sec. v. McKee,* No. 23-535, 2023 WL 6520492, at *1 (E.D. Pa. Oct. 5, 2023). If the entity makes a payment to a claimant, it enters into a subrogation agreement with the claimant, transferring to the entity the claimant's rights to his claims against the attorney. *Id.* Ivey appears to have entered into such an agreement with PLFCS. (*See* ECF No. 2-1 at 8.) The Court does not opine on whether that subrogation agreement bars Ivey's present claims.

Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Because Ivey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, "most cases belong in state court." *Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). If a court determines at any time that federal jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and

3

cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a).

Ivey asserts that "the Court has jurisdiction over this matter pursuant [to] 28 U.S.C. 1331" (Compl. ¶ 2), however no federal claim is presented on the face of the Complaint.[4] Rather, Ivey only asserts state law claims for negligence, legal malpractice, breach of contract, and other torts. (*Id*. at 2-3.) Even under a liberal construction of the Complaint, the Court cannot discern any basis for a claim based on federal question jurisdiction.

There is no basis for the Court's independent jurisdiction over Ivey's state law claims because § 1332(a) only grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

---

[4] To the extent Ivey attempts to assert a claim pursuant to 42 U.S.C. § 1983, such a claim is not plausible because Sturm, as an attorney performing the traditional functions of counsel, is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law") (citation omitted). That is because "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc*., 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  Diversity is determined at the time the complaint is filed.  *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008).  It is the plaintiff's burden to establish federal jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105; *see also Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Here, diversity jurisdiction is lacking based on the face of the Complaint.  Ivey does not specifically allege the citizenship of the parties but provides Pennsylvania addresses for himself and Sturm.  (Compl. at 6.)  Accordingly, he fails to allege a basis for this Court to exercise diversity jurisdiction over his state law claims.  *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).  Since Ivey has not met his burden to establish a basis for federal jurisdiction, this Court lacks the ability to hear his case.  Accordingly, the Court will dismiss Sturm's Complaint for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Ivey's Complaint.[5]  Under the circumstances of this case, Ivey will not be given leave to amend because it appears that amendment of the jurisdictional allegations would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Because the Court lacks subject matter jurisdiction, Ivey's claims will be dismissed without prejudice so that he may reassert them in an appropriate state court if he chooses to do so.[6]  An appropriate Order follows.

                                              **BY THE COURT:**

                                              **/s/ John Milton Younge**
                                              **JOHN M. YOUNGE, J.**

---

[5] Given this disposition, Ivey's request for appointment of counsel (ECF No. 3) is denied as moot.

[6] The Court expresses no opinion on the merits of any such claims.